UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEANNE CONNOLLY<br>    Plaintiff<br><br>v.<br><br>ASSET ACCEPTANCE, LLC d/b/a<br>ASSET ACCEPTANCE<br>CAPITAL CORPORATION<br>    Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br><br>TRIAL BY JURY<br>DEMANDED<br><br><br>DECEMBER 1, 2010 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Leanne Connolly, is a consumer residing in Vernon, Connecticut.

3. Defendant, Asset Acceptance, LLC d/b/a Asset Acceptance Capital Corporation ("AACC"), is a Delaware Limited Liability Corporation and is engaged in the business of purchasing and collecting delinquent debts.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331,1337 and 1367, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over AACC because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

7. AACC purchased a consumer debt (the "Debt") allegedly owed by Plaintiff.

8. Plaintiff had retained an attorney for bankruptcy purposes, and the Debt was to be included in the proposed bankruptcy.

9. On or around September 15, 2010, an AACC representative telephoned Plaintiff in an attempt to collect the Debt, and during that conversation, Plaintiff advised that she had retained an attorney to file for bankruptcy, and she provided her attorney's contact information.

10. The representative proceeded to ask Plaintiff questions regarding her proposed bankruptcy, attempted to get Plaintiff to agree to settle the Debt by making a payment to AACC, and told Plaintiff that it could negatively impact her credit.

11. AACC violated the FDCPA, CCPA, and CUTPA by continuing to attempt to collect the Debt from Plaintiff after knowing and by deceptively implying that Plaintiff's credit would improve if she settled the Debt with AACC.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; statutory damages pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 1692g; and such other relief as this Court deems appropriate.

PLAINTIFF, LEANNE CONNOLLY

By: 
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457